9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 8 2002

Michael N. Milby
Clerk of Court

|  |  |  |
|---|---|---|
| ENRIQUE GALAN, | ) | Civil Action No. B01-209 |
|  | ) |  |
| Plaintiff, | ) | Judge : Hilda G. Tagle |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JOHN D. ASHCROFT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## DEFENDANT'S PRETRIAL ORDER

I.  **APPEARANCE OF COUNSEL**

Plaintiff, Enrique Galan, is represented by Lisa Brodyaga, 17891 Landrum Park Road, San Benito, Texas 78586, (956) 421-3226.

Defendant, John D. Ashcroft, is represented by Barry J. Pettinato, Office of Immigration Litigation, United States Department of Justice, Civil Division, P.O. Box 878 Ben Franklin Station, Washington, D.C. 20044, (202) 353-7742.

II.  **STATEMENT OF THE CASE**

A.  **Plaintiff's Immigration History**

Plaintiff Enrique Galan ("Mr. Galan") was born in Mexico on December 12,

1955.  He entered the United States at Hidalgo, Texas on October 26, 1970, as a lawful permanent resident.

On December 12, 1979, Mr. Galan was convicted of alien smuggling in violation of INA § 274, 8 U.S.C. § 1324.  For this conviction, Mr. Galan was sentenced to a term of imprisonment of 3 years (suspended) and placed on probation for a period of 5 years.

On June 13, 1988, Mr. Galan was convicted in the 105th District Court, in and for Kleberg County, Texas, of unlawful possession of marijuana.  On June 2, 1989, the Immigration and Naturalization Service ("INS")  issued an Order to Show Cause, charging Mr. Galan with deportability pursuant to former INA § 241(a)(11), 8 U.S.C. § 1251(a)(11)(1988), as an alien convicted of a law related to controlled substance violation.  On January 16, 1990, an immigration judge found Mr. Galan deportable as charged, denied him a waiver of inadmissibility under former INA § 212(c), 8 U.S.C. § 1182 (1989), and ordered him deported from the United States to Mexico.  On April 10, 1990, Mr. Galan was deported from the United States to Mexico.  Thereafter, he illegally reentered the United States sometime in April of 1990, at or near Brownsville, Texas.  On April 5, 1991, Mr. Galan pleaded guilty to conspiracy to possess with intent to distribute in excess of

5 kilos of cocaine.  For this conviction he was sentenced to a term of imprisonment of 144 months.

On May 18, 2001, the INS entered an order reinstating Mr. Galan's prior January 16, 1990 order of deportation pursuant to INA § 241(a)(5), 8 U.S.C. § 1231(a)(5) (2000), based upon his prior deportation and subsequent illegal reentry.  On May 21, 2001, the INS removed Mr. Galan to Mexico pursuant to the reinstatement order.  On June 12, 2001, Mr. Galan filed a petition for review with the Fifth Circuit Court of Appeals seeking review of the decision of the INS to reinstate his prior order of deportation.  On December 12, 2001, the Fifth Circuit Court of Appeals transferred the case to this Court, pursuant to INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B) (2000), for an evidentiary  hearing on Mr. Galan's nationality claim.

## B.    Plaintiff's Acquisition of Citizenship Claim

Mr. Galan alleges that he acquired United States citizenship through his United States citizen mother, Cleofas Galan ("Mrs. Galan"), who was born in Falfurrias, Texas, on March 25, 1929.  Mr. Galan's father was a native and citizen of Mexico.

Under the law in effect at the time of Mr. Galan's birth on December 22,

Galan v. Ashcroft
Civil Action B-01-209

1955, a person born outside the geographical limits of the United States of one citizen parent and one alien parent is deemed a United States citizen if the citizen parent, prior to the birth of such person, had been physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years.[1]

Mr. Galan can avail himself of acquired citizenship under this statute if: 1) his mother, Mrs. Galan, is a United States citizen, and 2) Mr. Galan can establish by a preponderance of evidence, that prior to his birth on December 12, 1955, his mother, Mrs. Galan, was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years.

On August 12, 1969, Mrs. Galan filed an Application For Certificate of Citizenship, INS Form N-600, on behalf of Mr. Galan. On March 30, 1970, the

---

[1] INA § 301(a)(7), 8 U.S.C. § 1401(a)(7)(1952) (redesignated in 1978 as § 1401(g), granted citizenship at birth to:

[A] person born outside the geographical limits of the United States or its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . . .

Galan v. Ashcroft
Civil Action B-01-209

INS denied the application based upon Mrs. Galan's failure to establish the requisite

ten years of physical presence in the United States in order for Mr. Galan to have

acquired United States citizenship. There was no appeal of the INS' decision.

On November 2, 2000, Mr. Galan filed an Application For Certificate of

Citizenship, INS Form N-600. On January 5, 2001, pursuant to 8 C.F.R. § 341.6

(2000), the INS rejected the application because there had been no appeal of the

March 30, 1970 INS denial of Mr. Galan's application, and there was no timely

filed motion to reopen or reconsider that decision. Additionally, the INS

determined that Mr. Galan had failed to present any evidence justifying reopening

or reconsidering the previously denied application.

## III.   **JURISDICTION**

This Court has jurisdiction pursuant to INA § 242(b)(5)(B), 8

U.S.C. § 1252(b)(5)(B) (2000) based upon Mr. Galan's nationality claim and the

Fifth Circuit Court of Appeals' transfer of the matter to this Court for an evidentiary

hearing on said claim.[2] Defendant believes that there are no unresolved

---

[2] INA § 242(b), 8 U.S.C. § 1252(b)(5), reads:

TREATMENT OF NATIONALITY CLAIMS.
  (A) COURT DETERMINATION IF NO ISSUE OF FACT. If the petitioner
  claims to be a national of the United States and the court of appeals finds from
  the pleadings and affidavits that no genuine issue of material fact about the
  petitioner's nationality is presented, the court shall decide the nationality claim.
  (B) TRANSFER IF ISSUE OF FACT. If the petitioner claims to be a national

jurisdictional questions in this case.

## IV.   **MOTIONS**

There are no dispositive motions pending before this Court.

## V.   **CONTENTIONS OF THE PARTIES**

### A.   **Plaintiff's Contentions:**

Defendant believes the following are the Plaintiff's general contentions.

Plaintiff contends that he is a national of the United States, acquired through his

United States citizen mother, Mrs. Galan.  Plaintiff contends that Mrs. Galan was

physically present in the United States for sufficient period(s) of time such that Mr.

Galan acquired United States citizenship at birth pursuant to  INA § 301(a)(7), 8

U.S.C. § 1401(a)(7)(1952).

### B.   **Defendant's Contentions:**

Defendant contends that Plaintiff  cannot meet his meet his burden of

proof, by a preponderance of the evidence, that prior to his birth on December 12,

---

of the United States and the court of appeals finds that a genuine issue of
material fact about the petitioner's nationality is presented, the court shall transfer
the proceeding to the district court of the United States for the judicial district in
which the petitioner resides for a new hearing on the nationality claim and a
decision on that claim as if an action had been brought in the district court under
section 2201 of title 28, United States Code.
(C) LIMITATION ON DETERMINATION.  The petitioner may have such
nationality claim decided only as provided in this paragraph.

1943, his mother, Mr. Galan, was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years. Defendant contends that because Mrs. Galan cannot establish the requisite physical presence in the United States, Mr. Galan did not acquire United States citizenship pursuant to INA § 301(a)(7), 8 U.S.C. § 1401(a)(7)(1952).

## VI.   ADMISSIONS OF FACT

Defendant believes that Plaintiff would stipulate to the following facts and no proof would be required:

A.     Plaintiff's mother, Mrs. Galan was born on March 25, 1929 in Falfurrias, Texas, and is a citizen of the United States and Plaintiff's father is a native and citizen of Mexico.

B.     Plaintiff was born in Mexico on December 12, 1955, and entered the United States at Hidalgo, Texas on October 26, 1970, as a lawful permanent resident.

C.     On August 12, 1969, Plaintiff's mother, Mrs. Galan, filed an Application For Certificate of Citizenship, INS Form N-600, on behalf of Plaintiff.

D.     On March 30, 1970, the INS denied the application based upon Mrs. Galan's failure to establish the requisite ten years of physical presence in the United

States in order for Mr. Galan to have acquired United States citizenship.

E.     There was no appeal of the March 30, 1970 decision of the INS.

F.     On November 2, 2000, Plaintiff filed an Application For Certificate of Citizenship, INS Form N-600.

G.     On January 5, 2001, pursuant to 8 C.F.R. § 341.6 (2000), the INS rejected the Plaintiff's N-600, because there had been no appeal of the March 30, 1970 INS denial of the original application, and there was no timely filed motion to reopen or reconsider the denial.  Additionally, the INS determined that Plaintiff had failed to present any evidence justifying reopening or reconsidering the previously denied application.

## VII.  <u>CONTESTED ISSUES OF FACT</u>

The following issues of fact are in controversy:

A.     Defendant contests that Plaintiff's mother, Mrs. Galan, prior to Plaintiff's birth on December 12, 1955, was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years.

## VIII.     <u>AGREED PROPOSITIONS OF LAW</u>

Defendant believes the following legal propositions are not in dispute:

A.     Plaintiff bears the burden of proof, by a preponderance of evidence,

of establishing that he has acquired United States citizenship pursuant to INA § 301(a)(7), 8 U.S.C. § 1401(a)(7) (1952).  8 C.F.R. § 341.1(c) (2002).

B.      Pursuant to INA § 301(a)(7), 8 U.S.C. § 1401(a)(7) (1952), Plaintiff can avail himself of acquired citizenship if: 1) Plaintiff's mother, Mrs. Galan, is a United States citizen, and 2) Plaintiff can establish, by a preponderance of evidence, that prior to his birth on December 12, 1955, his mother was physically present in the United States for a  period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years.

## IX.   CONTESTED PROPOSITIONS OF LAW

Defendant believes there are no unresolved questions of law.

## X.   EXHIBITS

See Defendant's Exhibit List.

## XI.   WITNESSES

Defendant's Witness List: none.

## XII.   SETTLEMENT

The parties have exhausted all settlement efforts in this case and have not agreed to a settlement.  This case cannot reasonably be expected to settle and, will have to be tried.

## XIII.   **TRIAL**

The Defendant believes that the trial of this case will take one to two full days.

## XIV.   **ATTACHMENTS**

Contemporaneously with this order, Defendant is filing the following:

Proposed findings of fact and conclusions of law.

Signed on this the _____ day of _____, 2002.

_____
**HILDA G. TAGLE**
**United States District Judge**

APPROVAL:

_____
Barry J. Pettinato, Attorney in Charge for Defendant
Office of Immigration Litigation
United States Department of Justice
Civil Division
P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-7742
Facsimile: (202) 616-4975

## **CERTIFICATE OF SERVICE**

I hereby certify that one copy of the foregoing *Defendant's Pretrial Order* was served on Plaintiff's counsel by placing same in the United States Department of Justice mailroom for same day mailing, postage prepaid, on October 17, 2002, addressed to:

Lisa Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586

_____
BARRY J. PETTINATO
Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ENRIQUE GALAN, ) | Civil Action No. B01-209 |
| ) | |
| Plaintiff, ) | Judge Hilda G. Tagle |
| ) | |
| v. ) | |
| ) | |
| JOHN D. ASHCROFT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S EXHIBIT LIST

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1. | Plaintiff's Immigrant Visa and Alien Registration | ____ | ____ |
| 2. | August 12, 1969, Application For Certificate of Citizenship, INS Form N-600, filed on behalf of Plaintiff | ____ | ____ |
| 3. | Transcript of October 15, 1969 N-600 hearing | ____ | ____ |
| 4. | March 30, 1970 INS decision denying N-600 | ____ | ____ |
| 5. | November 2, 2000, Application For Certificate of Citizenship, INS Form N-600, filed by Plaintiff | ____ | ____ |

Galan v. Ashcroft
Civil Action B-01-209

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing *Defendant's Exhibit List* was served on

Plaintiff's counsel by placing same in the United States Department of Justice mailroom for same day

mailing, postage prepaid, on October 17, 2002, addressed to:


Lisa Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586


BARRY J. PETTINATO
Attorney


Galan v. Ashcroft
Civil Action B-01-209

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 6. | January 5, 2001 INS denial of N-600 | ____ | ____ |

Respectfully submitted,

ROBERT D. MCCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director

BARRY J. PETTINATO
Attorney
Office of Immigration Litigation
Civil Division
Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044
(202) 353-7742

Date:  October 17, 2002                Attorneys for Defendant

Galan v. Ashcroft
Civil Action B-01-209

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| ENRIQUE GALAN, | ) | Civil Action No. B01-209 |
|  | ) |  |
| Plaintiff, | ) | Judge Hilda G. Tagle |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JOHN D. ASHCROFT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## DEFENDANT'S EXHIBIT LIST

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 1. | Plaintiff's Immigrant Visa and Alien Registration | ____ | ____ |
| 2. | August 12, 1969,  Application For Certificate of Citizenship, INS Form N-600, filed on behalf of Plaintiff | ____ | ____ |
| 3. | Transcript of October 15, 1969 N-600 hearing | ____ | ____ |
| 4. | March 30, 1970 INS decision denying N-600 | ____ | ____ |
| 5. | November 2, 2000, Application For Certificate of Citizenship, INS Form N-600, filed by Plaintiff | ____ | ____ |

*4 copies to CT*

Galan v. Ashcroft
Civil Action B-01-209

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing *Defendant's Exhibit List* was served on

Plaintiff's counsel by placing same in the United States Department of Justice mailroom for same day

mailing, postage prepaid, on October 17, 2002, addressed to:

> Lisa Brodyaga
> 17891 Landrum Park Road
> San Benito, Texas 78586

BARRY J. PETTINATO
Attorney

Galan v. Ashcroft
Civil Action B-01-209

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 6. | January 5, 2001 INS denial of N-600 | ____ | ____ |

Respectfully submitted,

ROBERT D. MCCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director

BARRY J. PETTINATO
Attorney
Office of Immigration Litigation
Civil Division
Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 353-7742

Date:  October 17, 2002                      Attorneys for Defendant

Galan v. Ashcroft
Civil Action B-01-209

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ENRIQUE GALAN, | ) | Civil Action No. B01-209 |
| | ) | |
| Plaintiff, | ) | Judge Hilda G. Tagle |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN D. ASHCROFT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S EXHIBIT LIST

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1. | Plaintiff's Immigrant Visa and Alien Registration | _____ | _____ |
| 2. | August 12, 1969, Application For Certificate of Citizenship, INS Form N-600, filed on behalf of Plaintiff | _____ | _____ |
| 3. | Transcript of October 15, 1969 N-600 hearing | _____ | _____ |
| 4. | March 30, 1970 INS decision denying N-600 | _____ | _____ |
| 5. | November 2, 2000, Application For Certificate of Citizenship, INS Form N-600, filed by Plaintiff | _____ | _____ |

4 copies
to cT

Galan v. Ashcroft
Civil Action B-01-209

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing *Defendant's Exhibit List* was served on

Plaintiff's counsel by placing same in the United States Department of Justice mailroom for same day

mailing, postage prepaid, on October 17, 2002, addressed to:

        Lisa Brodyaga
        17891 Landrum Park Road
        San Benito, Texas 78586

                            _____
                            BARRY J. PETTINATO
                            Attorney

Galan v. Ashcroft
Civil Action B-01-209

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 6. | January 5, 2001 INS denial of N-600 | ____ | ____ |

Respectfully submitted,

ROBERT D. MCCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director

BARRY J. PETTINATO
Attorney
Office of Immigration Litigation
Civil Division
Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044
(202) 353-7742

Date:  October 17, 2002          Attorneys for Defendant

Galan v. Ashcroft
Civil Action B-01-209

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ENRIQUE GALAN, | ) | Civil Action No. B01-209 |
| | ) | |
| Plaintiff, | ) | Judge Hilda G. Tagle |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN D. ASHCROFT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DEFENDANT'S EXHIBIT LIST**

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 1. | Plaintiff's Immigrant Visa and Alien Registration | ____ | ____ |
| 2. | August 12, 1969, Application For Certificate of Citizenship, INS Form N-600, filed on behalf of Plaintiff | ____ | ____ |
| 3. | Transcript of October 15, 1969 N-600 hearing | ____ | ____ |
| 4. | March 30, 1970 INS decision denying N-600 | ____ | ____ |
| 5. | November 2, 2000, Application For Certificate of Citizenship, INS Form N-600, filed by Plaintiff | ____ | ____ |

*4 copies to CT*

Galan v. Ashcroft
Civil Action B-01-209

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing *Defendant's Exhibit List* was served on

Plaintiff's counsel by placing same in the United States Department of Justice mailroom for same day

mailing, postage prepaid, on October 17, 2002, addressed to:


Lisa Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586


_____
BARRY J. PETTINATO
Attorney


Galan v. Ashcroft
Civil Action B-01-209

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 6. | January 5, 2001 INS denial of N-600 | ____ | ____ |

Respectfully submitted,

ROBERT D. MCCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director

BARRY J. PETTINATO
Attorney
Office of Immigration Litigation
Civil Division
Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044
(202) 353-7742

Date:  October 17, 2002          Attorneys for Defendant

Galan v. Ashcroft
Civil Action B-01-209

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ENRIQUE GALAN, | ) | Civil Action No. B01-209 |
| | ) | |
| Plaintiff, | ) | Judge Hilda G. Tagle |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN D. ASHCROFT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW**

I.     PROPOSED FINDINGS OF FACT

Plaintiff's mother, Mrs. Galan, prior to Plaintiff's birth on December 12, 1955, was not

physically present in the United States for a  period or periods totaling not less than ten years, at least

five of which were after March 25, 1943, when she attained the age of fourteen years.

II.     PROPOSED CONCLUSIONS OF LAW

A.     Plaintiff bears the burden of proof, by a preponderance of evidence,

of establishing that he has acquired United States citizenship pursuant to INA

§ 301(a)(7), 8 U.S.C. § 1401(a)(7) (1952).  8 C.F.R. § 341.1(c) (2002).

B.     Under INA § 301(a)(7), 8 U.S.C. § 1401(a)(7) (1952), Plaintiff can establish United

States citizenship through acquisition if: 1) Plaintiff's mother is a United States citizen, and 2) Plaintiff

can establish, by a preponderance of evidence, that prior to his birth on December 12, 1955, his

Galan v. Ashcroft
Civil Action B-01-209

mother was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years.

C.    Plaintiff has failed to establish, by a preponderance of evidence, that prior to his birth on December 12, 1955, his mother was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years.

D.    Plaintiff did not acquire United States citizenship, through his mother, pursuant to INA § 301(a)(7), 8 U.S.C. § 1401(a)(7) (1952).

Respectfully submitted,

ROBERT D. MCCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director

BARRY J. PETTINATO
Attorney
Office of Immigration Litigation
Civil Division
Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044
(202) 353-7742

Date:  October 17, 2002          Attorneys for Defendant

Galan v. Ashcroft
Civil Action B-01-209

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing *Defendant's Proposed Findings Of Facts And Conclusions Of Law* was served on Plaintiff's counsel by placing same in the United States Department of Justice mailroom for same day mailing, postage prepaid, on October 17, 2002, addressed to:

Lisa Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586


_____
BARRY J. PETTINATO
Attorney


Galan v. Ashcroft
Civil Action B-01-209