UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 22 2002

Michael N. Milby
Clerk of Court

ENRIQUE GALAN, )
 )
v. ) No. 01-209
 )
JOHN ASHCROFT, UNITED STATES )
ATTORNEY GENERAL. )
_____)

### PETITIONER'S PROPOSED PRETRIAL ORDER

Petitioner Enrique Galan, (hereinafter "Mr. Galan"), by and through counsel, hereby files the instant proposed pretrial order.

### I. APPEARANCE OF COUNSEL

Plaintiff, Enrique Galan, is represented by:

Lisa Brodyaga,
17891 Landrum Park Rd.
San Benito, Texas 78586
(956) 421-3226
(956) 421-3423 (fax)
Federal ID: 1178
Texas Bar 03052800

Defendant, John Ashcroft, is represented by:

Barry J. Pettinato,
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 353-7742
(202) 616-4975 (fax)

### II. STATEMENT OF THE CASE

Plaintiff Enrique Galan was born December 22, 1955, in Estacion Ramirez, Tamaulipas, Mexico. His mother, Celia Cleofas Gonzalez de Galan, was born March 25, 1919, in Falfurias, Texas. On August 12, 1969, Mrs. Galan filed an application for Certificate of Citizenship (Form N-600), on behalf of Enrique Galan. It was denied on or about March 30, 1970.

On November 2, 2000, through counsel, Mr. Galan filed an N-600 in his own name and right. A Notice of Appearance of Counsel, (G-28), was filed simultaneously. Although the pertinent regulations, 8 C.F.R. §292.5, require that all pleadings be served on counsel, the application was "rejected," and returned to Mr. Galan, in care of his mother. Counsel was not even served with a copy.

On May 17, 2001, counsel for Mr. Galan faxed copies of her G-28 and the receipt for Mr. Galan's N-600 to Mr. Lawson, the INS Deportation Officer where he was detained. Shortly thereafter, Mr. Lawson called counsel, and said that Mr. Galan had been moved to Dallas. Counsel then called Mr. Reynolds, INS General Counsel, in Dallas. She explained the situation, and then faxed the same documents to him. The cover letters advised both officers that Mr. Galan wished to pursue his claim to U.S. citizenship in removal proceedings. Between May 17, 2001, and May 27, 2001, no communication was received from INS about the case.

On or about May 18, 2001, Mr. Galan was presented with a "Notice of Intent/Decision to Reinstate Prior Order," pursuant to 8 U.S.C. §1231(a)(5). It advised him of his right to make a statement contesting reinstatement. The box marked "do not" wish to make a statement contesting this determination was checked, but the signature line contained the notation "Inmate Refused to Sign." Nonetheless, Mr. Galan was bused to El Paso, and on May 21, 2001, at 10:20 p.m., he was deported to Mexico.

A timely Petition for Review was filed with the Fifth Circuit. It urged that Mr. Galan's refusal to sign the renunciation of his right to contest reinstatement, together with the correspondence sent by counsel, advising INS that he had filed an N-600 and wished to pursue his claim to U.S. citizenship before an Immigration Judge, should have been construed as constituting the written statement he was entitled to make contesting reinstatement. Also, INS had actual notice that Mr. Galan was represented by counsel,

Under 8 C.F.R. §292.5, the "Notice of Intent" should have been served on his attorney of record, rather than on him directly.

On October 19, 2001, Mr. Galan filed a motion to transfer the case to this Honorable Court, pursuant to 8 U.S.C. §1252(b)(5), for a de novo determination of his claim that he is a U.S. citizen. By pleading dated November 1, 2001, The Attorney General concurred that the case should be transferred. Said motion was granted.

### III. JURISDICTION

The parties agree that jurisdiction is proper under 8 U.S.C. §1252(b)(5)(B). There are no unresolved jurisdictional issues.

### IV. PENDING MOTIONS

The only motion currently pending before the Court is Plaintiff's Motion (On Which Defendant Declines to Take a Position), For Leave to File a Late Pretrial Order.

### V. CONTENTIONS OF THE PARTIES

#### A. PLAINTIFF'S CONTENTIONS

Mr. Galan contends that he acquired United States citizenship through his mother, Celia Cleofas Gonzalez de Galan ("Mrs. Galan"), who was born March 25, 1919, in Falfurias, Texas. Mr. Galan contends that, prior to his birth on December 12, 1943, his mother was physically present in the U.S. for sufficient time to pass her citizenship to him, pursuant to 8 U.S.C. §1401(a)(7) (1952). Regardless of who bears the burden of proof, Mr. Galan contends that the evidence will show that he is a United States citizen.

#### B. DEFENDANT'S CONTENTIONS

Defendant contends that the burden of proof is on Mr. Galan to demonstrate, by a preponderance of the evidence, that his mother was physically present in the U.S. for ten years prior to his

birth, of which five years were after March 25, 1943, when she attained the age of fourteen, as required by 8 U.S.C. §1401(a)(7)(1952), and that he cannot meet this burden.

## VI. ADMISSIONS OF FACT

Although Defendant has declined to attempt to work out a joint pretrial order at this time, Plaintiff believes that, if he were willing to make such an attempt, Defendant would stipulate to the following facts, and that no proof would be required.

1. Plaintiff's mother, Celia Cleofas Gonzalez de Galan ("Mrs. Galan"), is a United States citizen. She was born March 25, 1919, in Falfurias, Texas, and has never lost her U.S. citizenship.

2. On August 12, 1969, Plaintiff's mother filed applications for Certificates of Citizenship on behalf of Mr. Galan and five siblings, on INS Forms N-600. Mrs. Galan was not represented by counsel at that time.

3. On or about October 15, 1969, Mrs. Galan was interviewed by an Officer of INS with respect to these applications. She did not present any witnesses, or corroborating evidence, with the exception of her "union card," showing membership in Laundry Worker's International, in 1947. The hearing was recorded, but that recording has either been lost or destroyed.

4. The application filed on behalf of Mr. Galan was denied on March 30, 1970, based on the conclusion of INS that she had not met her burden of proof as to the time that she was physically present in the U.S. prior to his birth. The denial was accompanied by a document captioned "Examiner's Supplemental Report of Findings of Fact and Conclusions of Law," but does not include the initial report. It is also unsigned. Mrs. Galan did not appeal the denial of the application she filed on behalf of her son, the Plaintiff.

4

Instead, she obtained an immigrant visa on his behalf.

5. On November 2, 2000, through counsel, Mr. Galan filed an N-600 in his own name and right. He attached thereto a number of forms of corroborating proof of his mother's physical presence in the U.S. prior to his birth which had not been presented by his mother when she applied on his behalf. A Notice of Appearance of Counsel, (G-28), was filed simultaneously. Although 8 C.F.R. §292.5 required that all pleadings be served on counsel, the application was "rejected," and returned to Mr. Galan, in care of his mother. Counsel was not even served with a copy of the rejection. The application was therefore never adjudicated by INS.

6. Neither Mr. Galan nor his attorney was afforded an opportunity to contest the propriety of reinstating his prior order of deportation, prior to his physical removal from the United States.

## VII.   CONTESTED ISSUES OF FACT

Defendant contests that, prior to his birth, Plaintiff's mother was physically present in the United States for periods of time totaling at least ten years, of which at least five were after March 25, 1943, when she attained the age of fourteen years.

## VIII.   AGREED PROPOSITIONS OF LAW

Although Defendant has declined to attempt to reach appropriate agreements at this point in time, Plaintiff considers that the following legal propositions are not in dispute:

A. The question of whether an individual is a United States citizen is a jurisdictional requirement in all deportation and removal proceedings, including those to reinstate a prior deportation order, and before such an order is reinstated, the individual is entitled to a meaningful opportunity to contest that he or she is an alien.

B. Plaintiff acquired United States citizenship if, prior to his

birth, his mother was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years.

### IX. CONTESTED PROPOSITIONS OF LAW

The question of who bears the burden of proof in the instant proceedings, and what that burden is, is in dispute. Plaintiff contends that, since he was deprived of his right to contest the issue of his citizenship prior to his removal, he should be "made whole" by placing the burden of proving alienage on Defendants. He also contends that it is the burden of INS to demonstrate alienage by clear, unequivocal, and convincing evidence under *Woodby v. INS*, 385 U.S. 276 (1966).

Without waiving other, purely evidentiary objections, which will be filed later, Plaintiffs also contend that the parties are bound by the "Joint Case Management Plan," signed by the undersigned, and the predecessor of current counsel, Heather Phillips, and that the documents to be submitted as evidence are limited to those specified therein, to wit, those which were attached to Mr. Galan's Petition for Review to the Fifth Circuit. Therefore, Plaintiffs contend that the only exhibit on Defendant's Exhibit List which should be admitted is their proposed Exhibit 5, the November 2, 2000 Application for Certificate of Citizenship filed by Mr. Galan.

### X. EXHIBITS

Plaintiff considers that the only documents which should be considered are those listed in the "Joint Case Management Plan," to wit, the attachments to the Petition for Review, including the November 2, 2000 application for a Certificate of Citizenship, and supporting documents, filed by Mr. Galan.

### XI. WITNESSES

Plaintiff intends to call those witnesses listed in the Joint Case Management Plan, to wit, Saul and Cleofas Galan, Petitioner's parents, Romualdo Lozano, and Reyes Montemayor, all of whom have been deposed by Defendant.

## XII.   SETTLEMENT EFFORTS

The parties have exhausted all settlement efforts, and have not agreed to a settlement. The case cannot reasonably be expected to settle, and will have to be tried.

## XIII.   TRIAL

Plaintiff considers that the trial of the instant case will take from one to two days.

## XIV.   ATTACHMENTS

Contemporaneously with this Order, Plaintiff is filing:
A.   Proposed findings of fact;
B.   Proposed conclusions of law.

_____   Date: _____
**HILDA G. TAGLE**
**United States District Judge**

Approved:

_____   October 22, 2002
Lisa S. Brodyaga,
Attorney in charge for Plaintiff
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226 (voice)
(956) 421-3423 (fax)

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with attachments, was mailed, first-class postage prepaid, to Barry Pettinato, Attorney, Box 878, Ben Franklin Sta., Wash., D.C. 20004, on October 22, 2002.

*/s/ Lisa S. Brodyaga*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
ENRIQUE GALAN,                        )
                                      )
v.                                    )    No. 01-209
                                      )
JOHN ASHCROFT, UNITED STATES          )
      ATTORNEY GENERAL.               )
_____)
```

**PETITIONER'S EXHIBIT LIST**

Petitioner Enrique Galan, (hereinafter "Mr. Galan"), by and through counsel, hereby files the instant Exhibit List.

                                                          Admitted    Excluded

1.   Petition for Review and attachments.   _____   _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ENRIQUE GALAN, ) | |
| ) | |
| v. ) | No. 01-209 |
| ) | |
| JOHN ASHCROFT, UNITED STATES ) | |
| ATTORNEY GENERAL. ) | |
| _____) | |

### PETITIONER'S EXHIBIT LIST

Petitioner Enrique Galan, (hereinafter "Mr. Galan"), by and through counsel, hereby files the instant Exhibit List.

                                                                         Admitted    Excluded

1. Petition for Review and attachments.  _____  _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ENRIQUE GALAN, | ) |
| | ) |
| v. | )   No. 01-209 |
| | ) |
| JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL. | ) |

**PETITIONER'S EXHIBIT LIST**

Petitioner Enrique Galan, (hereinafter "Mr. Galan"), by and through counsel, hereby files the instant Exhibit List.

                                                      Admitted    Excluded

1. Petition for Review and attachments.   _____   _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ENRIQUE GALAN, | ) |
| | ) |
| v. | )   No. 01-209 |
| | ) |
| JOHN ASHCROFT, UNITED STATES | ) |
| ATTORNEY GENERAL. | ) |
| | ) |

**PETITIONER'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Petitioner Enrique Galan, by and through counsel, hereby files the instant Proposed Findings of Fact and Conclusions of Law.

### I.   PROPOSED FINDINGS OF FACT [1]

A. Plaintiff Enrique Galan was born December 22, 1955, in Estacion Ramirez, Tamaulipas, Mexico. His mother, Celia Cleofas Gonzalez de Galan, was born March 25, 1919, in Falfurias, Texas, and never lost her U.S. citizenship. On August 12, 1969, Mrs. Galan filed an application for Certificate of Citizenship (Form N-600), on behalf of Enrique Galan. It was denied on or about March 30, 1970.

B. On November 2, 2000, through counsel, Mr. Galan filed an N-600 in his own name and right. A Notice of Appearance of Counsel, (G-28), was filed simultaneously. Although the pertinent regulation, 8 C.F.R. §292.5, requires that all pleadings be served on counsel, the application was "rejected," and returned to Mr. Galan, in care of his mother. Counsel was not even served with a copy.

C. On May 17, 2001, counsel for Mr. Galan faxed copies of her G-28 and the receipt for Mr. Galan's N-600 to Mr. Lawson, the INS Deportation Officer where he was detained. Shortly thereafter, Mr. Lawson called counsel, and said that Mr. Galan had been moved to Dallas. Counsel then called Mr. Reynolds, INS General Counsel, in

---

[1] Since Defendant has declined to try to work out a late agreement, it is assumed that all facts except "A" are contested.

Dallas. She explained the situation, and then faxed the same documents to him. The cover letters advised both officers that Mr. Galan wished to pursue his claim to U.S. citizenship in removal proceedings. Between May 17, 2001, and May 27, 2001, no communication was received from INS about the case.

D. On or about May 18, 2001, Mr. Galan was presented with a "Notice of Intent/Decision to Reinstate Prior Order," pursuant to 8 U.S.C. §1231(a)(5). It advised him of his right to make a statement contesting reinstatement. The box marked "do not" wish to make a statement contesting this determination was checked, and the signature line contained the notation "Inmate Refused to Sign." Nonetheless, Mr. Galan was bused to El Paso, and on May 21, 2001, at 10:20 p.m., he was deported to Mexico.

E. A timely Petition for Review was filed with the Fifth Circuit. It urged that since INS had actual notice that Mr. Galan was represented by counsel his refusal to sign the renunciation of his right to contest reinstatement, together with the correspondence sent by counsel, advising INS that he had filed an N-600 and wished to pursue his claim to U.S. citizenship before an Immigration Judge, should have been construed as constituting the written statement he was entitled to make contesting reinstatement. Under these circumstances, reinstatement was improper, and Mr. Galan should have been placed in proceedings, and given the opportunity to present his case to an Immigration Judge.

F. On October 19, 2001, Mr. Galan filed a motion to transfer the case to this Honorable Court, pursuant to 8 U.S.C. §1252(b)(5), for a de novo determination of his claim that he is a U.S. citizen. By pleading dated November 1, 2001, The Attorney General concurred that the case should be transferred. Said motion was granted.

G. Plaintiff acquired U.S. citizenship at birth, because his mother, a native born U.S. citizen, was physically present in the

2

United States for periods of time totaling at least ten years, of which at least five were after March 25, 1943, when she attained the age of fourteen years.

## II. CONCLUSIONS OF LAW

A.  Under 8 C.F.R. §292.5, the "Notice of Intent" to reinstate the prior order of deportation should have been served on Mr. Galan's attorney of record, rather than on him directly.

B.  INS should have adjudicated Mr. Galan's application for Certificate of Citizenship filed November 2, 2000. He is not precluded from seeking a Certificate of Citizenship, on the grounds that an application filed by his mother was denied more than ninety days previously, for the reasons that, *inter alia,* the N-600 was not "submitted by the same individual" within the meaning of 8 C.F.R. §341.6. The initial application was filed by his mother, not by Mr. Galan. Also, to deny him the right to seek recognition of his U.S. citizenship because his mother, acting *pro se*, made a prior unsuccessful attempt to do so would violate Due Process.

C.  Given INS' failure to serve the "Notice of Intent" to reinstate his prior deportation order on his attorney of record, and the fact that INS improperly refused to either adjudicate his N-600 of November 2, 2000, or allow him to pursue his claim to U.S. citizenship before an Immigration Judge, Mr. Galan was improperly deprived of the opportunity to contest alienage prior to the entry of an order of removal or deportation. It is therefore INS' burden to prove, by clear, unequivocal, and convincing evidence, that he is not a U.S. citizen. *Woodby v. INS,* 385 U.S. 276 (1966).

D.  Mr. Galan is a United States citizen if his mother, whose citizenship is uncontested, was physically present in the United States prior to his birth for a total of at least ten years, of

which five years or more were after she attained the age of fourteen years, or, in the case at bar, after March 25, 1943. 8 U.S.C. §1401(a)(7) (1952).

E.   Mr. Galan acquired United States citizenship through his mother, in accordance with 8 U.S.C. §1401(a)(7) (1952).

Respectfully Submitted,



Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Federal ID:  1178
Texas Bar 03052800

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Barry Pettinato, Attorney, Box 878, Ben Franklin Sta., Wash., D.C. 20004, on October 22, 2002.

4