14

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 8 2002

Michael N. Milby
Clerk of Court

ENRIQUE GALAN,                        )
                                      )
v.                                    )   No. 01-209
                                      )
JOHN ASHCROFT, UNITED STATES          )
    ATTORNEY GENERAL.                 )
                                      )
_____)

PETITIONER'S (AMENDED)
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner Enrique Galan, by and through counsel, hereby files the instant Proposed Findings of Fact and Conclusions of Law.

I.   PROPOSED FINDINGS OF FACT

A.   Plaintiff Enrique Galan was born December 22, 1955, in Estacion Ramirez, Tamaulipas, Mexico. His mother, Celia Cleofas Gonzalez de Galan, was born March 25, 1919, in Falfurias, Texas, and never lost her U.S. citizenship. On August 12, 1969, Mrs. Galan filed an application for Certificate of Citizenship (Form N-600), on behalf of Enrique Galan. It was denied on or about March 30, 1970.

B.   On November 2, 2000, through counsel, Mr. Galan filed an N-600 in his own name and right. A Notice of Appearance of Counsel, (G-28), was filed simultaneously. Although the pertinent regulation, 8 C.F.R. §292.5, requires that all pleadings be served on counsel, the application was "rejected," and returned to Mr. Galan, in care of his mother. Counsel was not even served with a copy.

C.   On May 17, 2001, counsel for Mr. Galan faxed copies of her G-28 and the receipt for Mr. Galan's N-600 to Mr. Lawson, the INS Deportation Officer where he was detained. Shortly thereafter, Mr. Lawson called counsel, and said that Mr. Galan had been moved to Dallas. Counsel then called Mr. Reynolds, INS General Counsel, in Dallas. She explained the situation, and then faxed the same documents to him. The cover letters advised both officers that Mr.

Galan wished to pursue his claim to U.S. citizenship in removal proceedings. Between May 17, 2001, and May 27, 2001, no communication was received from INS about the case.

D. On or about May 18, 2001, Mr. Galan was presented with a "Notice of Intent/Decision to Reinstate Prior Order," pursuant to 8 U.S.C. §1231(a)(5). It advised him of his right to make a statement contesting reinstatement. The box marked "do not" wish to make a statement contesting this determination was checked, and the signature line contained the notation "Inmate Refused to Sign." Nonetheless, Mr. Galan was bused to El Paso, and on May 21, 2001, at 10:20 p.m., he was deported to Mexico.

E. A timely Petition for Review was filed with the Fifth Circuit. It urged that since INS had actual notice that Mr. Galan was represented by counsel his refusal to sign the renunciation of his right to contest reinstatement, together with the correspondence sent by counsel, advising INS that he had filed an N-600 and wished to pursue his claim to U.S. citizenship before an Immigration Judge, should have been construed as constituting the written statement he was entitled to make contesting reinstatement. Under these circumstances, reinstatement was improper, and Mr. Galan should have been placed in proceedings, and given the opportunity to present his case to an Immigration Judge.

F. On October 19, 2001, Mr. Galan filed a motion to transfer the case to this Honorable Court, pursuant to 8 U.S.C. §1252(b)(5), for a de novo determination of his claim that he is a U.S. citizen. By pleading dated November 1, 2001, The Attorney General concurred that the case should be transferred. Said motion was granted.

G. Plaintiff acquired U.S. citizenship at birth, because his mother, a native born U.S. citizen, was physically present in the United States for periods of time totaling at least ten years, of which at least five were after March 25, 1943, when she attained

the age of fourteen years.

## II.   CONCLUSIONS OF LAW

A. Under 8 C.F.R. §292.5, the "Notice of Intent" to reinstate the prior order of deportation should have been served on Mr. Galan's attorney of record, rather than on him directly.

B. INS should have adjudicated Mr. Galan's application for Certificate of Citizenship filed November 2, 2000. He is not precluded from seeking a Certificate of Citizenship, on the grounds that an application filed by his mother was denied more than ninety days previously, for the reasons that, *inter alia*, the N-600 was not "submitted by the same individual" within the meaning of 8 C.F.R. §341.6. The initial application was filed by his mother, not by Mr. Galan. Also, to deny him the right to seek recognition of his U.S. citizenship because his mother, acting *pro se*, made a prior unsuccessful attempt to do so would violate Due Process.

C. Given INS' failure to serve the "Notice of Intent" to reinstate his prior deportation order on his attorney of record, and the fact that INS improperly refused to either adjudicate his N-600 of November 2, 2000, or allow him to pursue his claim to U.S. citizenship before an Immigration Judge, Mr. Galan was improperly deprived of the opportunity to contest alienage prior to the entry of an order of removal or deportation. It is therefore INS' burden to prove, by clear, unequivocal, and convincing evidence, that he is not a U.S. citizen. *Woodby v. INS*, 385 U.S. 276 (1966).

D. Mr. Galan is a United States citizen if his mother, whose citizenship is uncontested, was physically present in the United States prior to his birth for a total of at least ten years, of which five years or more were after she attained the age of fourteen years, or, in the case at bar, after March 25, 1943.  8

3

U.S.C. §1401(a)(7) (1952).

E. It is not necessary for the Court to reach the issue of whether the burden rests on Mr. Galan, to show by a preponderance of the evidence that he acquired United States citizenship through his mother, in accordance with 8 U.S.C. §1401(a)(7) (1952), (as Defendant urges), or whether it rests on INS to demonstrate that he did not acquire citizenship through her, (as Plaintiff contends), because the Court concludes that under either standard, the evidence presented demonstrates that Mr. Galan did acquire U.S. citizenship through his mother, under 8 U.S.C. §1401(a)(7) (1952).

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Federal ID: 1178
Texas Bar 03052800

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Barry Pettinato, Attorney, Box 878, Ben Franklin Sta., Wash., D.C. 20004, on October 28, 2002.

*[signature]*