United States District Court
Southern District of Texas
FILED

OCT 2 8 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENRIQUE GALAN, )
)
v. ) No. CA B-01-209
)
JOHN D. ASHCROFT, UNITED STATES )
 ATTORNEY GENERAL. )
_____)

## JOINT PRETRIAL ORDER

Pursuant to the Court's October 23, 2002 order, Plaintiff Enrique Galan, (hereinafter "Mr. Galan"), and Defendant John D. Ashcroft, (hereinafter "Defendant), by and through respective counsel, file their proposed Joint Pretrial Order.

### I. APPEARANCE OF COUNSEL

Plaintiff, Enrique Galan, is represented by:

Lisa Brodyaga,
17891 Landrum Park Rd.
San Benito, Texas 78586
(956) 421-3226
(956) 421-3423 (facsimile)
Federal ID: 1178
Texas Bar 03052800

Defendant, John D. Ashcroft, is represented by:

Barry J. Pettinato,
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 353-7742
(202) 616-4975 (facsimile)

### II. STATEMENT OF THE CASE

#### A. PLAINTIFF'S STATEMENT

Plaintiff Enrique Galan was born December 22, 1955, in Estacion Ramirez, Tamaulipas, Mexico. His mother, Celia Cleofas Gonzalez de Galan, was born March 25, 1929, in Falfurias, Texas. On August 12,

1969, Mrs. Galan filed an application for Certificate of Citizenship (Form N-600), on behalf of Enrique Galan. It was denied on or about March 30, 1970. On October 26, 1970, Mr. Galan entered the United States as a lawful permanent resident. He was deported on April 10, 1990.

On November 2, 2000, through counsel, Mr. Galan filed an N-600 in his own name and right. A Notice of Appearance of Counsel, (G-28), was filed simultaneously. The application was rejected, on the grounds that INS considered it to be improperly filed, and returned to Mr. Galan, in care of his mother. Counsel was not served with a copy of the rejection notice.

On May 17, 2001, counsel for Mr. Galan faxed copies of her G-28 and the receipt for Mr. Galan's N-600 to Mr. Lawson, the INS Deportation Officer where he was detained. Shortly thereafter, Mr. Lawson called counsel, and said that Mr. Galan had been moved to Dallas, Texas. Counsel then called Mr. Reynolds, INS General Counsel, in Dallas. She explained the situation, and then faxed the same documents to him. The cover letters advised both officers that Mr. Galan wished to pursue his claim to U.S. citizenship in removal proceedings. Between May 17, 2001, and May 27, 2001, no communication was received from INS about the case.

On or about May 18, 2001, Mr. Galan was presented with a "Notice of Intent/Decision to Reinstate Prior Order," (hereinafter, "Notice of Intent") pursuant to 8 U.S.C. § 1231(a)(5). It advised him of his right to make a statement contesting reinstatement. The box marked "do not" wish to make a statement contesting this determination was checked, but the signature line contained the notation "Inmate Refused to Sign." Mr. Galan was thereafter bused to El Paso, and on May 21, 2001, at 10:20 p.m., he was deported to Mexico.

A timely Petition for Review was filed with the Fifth Circuit. It urged that Mr. Galan's refusal to sign the renunciation of his

right to contest reinstatement, together with the correspondence sent by counsel, advising INS that he had filed an N-600 and wished to pursue his claim to U.S. citizenship before an Immigration Judge, should have been construed as constituting the written statement he was entitled to make contesting reinstatement. It also urged that because INS had actual notice that Mr. Galan was represented by counsel, and that under 8 C.F.R. § 292.5, the "Notice of Intent" should have been served on his attorney of record, rather than on him directly.

On October 19, 2001, Mr. Galan filed a motion to transfer the case to this Honorable Court, pursuant to 8 U.S.C. § 1252(b)(5), for a de novo determination of his claim that he is a U.S. citizen. By pleading dated November 1, 2001, Defendant concurred that the case should be transferred. Said motion was granted.

### B. DEFENDANT'S STATEMENT

#### 1. Plaintiff's Immigration History [1]

Plaintiff Enrique Galan was born in Mexico on December 22, 1955. He entered the United States at Hidalgo, Texas on October 26, 1970, as a lawful permanent resident.

On December 12, 1979, Mr. Galan was convicted of alien smuggling in violation of INA § 274, 8 U.S.C. § 1324. For this conviction, Mr. Galan was sentenced to a term of imprisonment of 3 years (suspended) and placed on probation for a period of 5 years.

On June 13, 1988, Mr. Galan was convicted in the 105th District Court, in and for Kleberg County, Texas, of unlawful possession of

---

[1] While Plaintiff's criminal history is not relevant to the narrow issue before this Court, i.e., his nationality claim, Defendant has included these facts to provide the Court with a clear understanding of the procedural history of the case, and how it came to be transferred to the Court.

marijuana. On June 2, 1989, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Mr. Galan with deportability pursuant to former INA § 241(a)(11), 8 U.S.C. § 1251(a)(11)(1988), as an alien convicted of a law related to controlled substance violation. On January 16, 1990, an immigration judge found Mr. Galan deportable as charged, denied him a waiver of inadmissibility under former INA § 212(c), 8 U.S.C. § 1182 (1989), and ordered him deported from the United States to Mexico. On April 10, 1990, Mr. Galan was deported from the United States to Mexico. Thereafter, he illegally reentered the United States sometime in April of 1990, at or near Brownsville, Texas. On April 5, 1991, Mr. Galan pleaded guilty to conspiracy to possess with intent to distribute in excess of 5 kilos of cocaine. For this conviction he was sentenced to a term of imprisonment of 144 months.

On May 18, 2001, the INS entered an order reinstating Mr. Galan's prior January 16, 1990 order of deportation pursuant to INA § 241(a)(5), 8 U.S.C. § 1231(a)(5) (2000), based upon his prior deportation and subsequent illegal reentry. On May 21, 2001, the INS removed Mr. Galan to Mexico pursuant to the reinstatement order. On June 12, 2001, Mr. Galan filed a petition for review with the Fifth Circuit Court of Appeals seeking review of the decision of the INS to reinstate his prior order of deportation. On December 12, 2001, the Fifth Circuit Court of Appeals transferred the case to this Court, pursuant to INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B) (2000), for an evidentiary hearing on Mr. Galan's nationality claim.

### 2. Plaintiff's Acquisition of Citizenship Claim

Mr. Galan alleges that he acquired United States citizenship through his United States citizen mother, Cleofas Galan ("Mrs. Galan"), who was born in Falfurrias, Texas, on March 25, 1929. At the time of Mr. Galan's birth, his father was a native and citizen

of Mexico.

Under the law in effect at the time of Mr. Galan's birth on December 22, 1955, a person born outside the geographical limits of the United States of one citizen parent and one alien parent is a United States citizen if the citizen parent, prior to the birth of such person, had been physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years.[2]

Mr. Galan can avail himself of acquired citizenship under this statute if: 1) his mother, Mrs. Galan, is a United States citizen, and 2) Mr. Galan can establish by a preponderance of evidence, that prior to his birth on December 22, 1955, his mother, Mrs. Galan, was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years.

On August 12, 1969, Mrs. Galan filed an Application For Certificate of Citizenship, INS Form N-600, on behalf of Mr. Galan. On October 15, 1969, the INS conducted a hearing on Mr. Galan's citizenship claim, at which time Mrs. Galan testified as to her physical presence in the United States. The hearing was recorded, and Defendant has the original transcript of the October 15, 1996

---

[2] The controlling statute, INA § 301(a)(7), 8 U.S.C. § 1401(a)(7)(1952) (redesignated in 1978 as § 1401(g), granted citizenship at birth to:

> [A] person born outside the geographical limits of the United States or its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . . .

5

hearing. On March 30, 1970, the INS denied the application based upon Mrs. Galan's failure to establish the requisite ten years of physical presence in the United States in order for Mr. Galan to have acquired United States citizenship. There was no appeal of the INS' decision.

On November 2, 2000, Mr. Galan filed an Application For Certificate of Citizenship, INS Form N-600. On January 5, 2001, pursuant to 8 C.F.R. § 341.6 (2000), the INS rejected the application because there had been no appeal of the March 30, 1970 INS denial of Mr. Galan's application, and there was no timely filed motion to reopen or reconsider that decision. Additionally, the INS determined that Mr. Galan had failed to present any evidence justifying reopening or reconsidering the previously denied application for citizenship.

### III. JURISDICTION

#### A. PLAINTIFF'S POSITION

Plaintiff considers that jurisdiction is proper under 8 U.S.C. § 1252(b)(5)(B), and, if necessary, 28 U.S.C. § 1367.

#### B. DEFENDANT'S POSITION

The Court's jurisdiction is pursuant to INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B) (2000), based upon Mr. Galan's nationality claim and the Fifth Circuit Court of Appeals' transfer of the matter to this Court for an evidentiary hearing on said claim.[3]

---

[3] The transfer was pursuant to INA § 242(b), 8 U.S.C. § 1252(b)(5), which provides:

> TREATMENT OF NATIONALITY CLAIMS.
> (A) COURT DETERMINATION IF NO ISSUE OF FACT. If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.
> (B) TRANSFER IF ISSUE OF FACT. If the petitioner

Pursuant to 8 U.S.C. § 1252(b)(5)(B), this Court may conduct a new hearing on Mr. Galan's nationality claim and decide that claim as if an action had been brought in the district court under 28 U.S.C. § 2201 (i.e., as if the Plaintiff was seeking declaratory judgment).

## IV. MOTIONS

There are no motions pending before this Court.

## V. CONTENTIONS OF THE PARTIES

### A. PLAINTIFF'S CONTENTIONS

Mr. Galan contends that he acquired U.S. citizenship through his mother, Celia Cleofas Gonzalez de Galan ("Mrs. Galan"), who was born March 25, 1929, in Falfurias, Texas. Mr. Galan contends that, prior to his birth on December 22, 1955, his mother was physically present in the U.S. for sufficient time to pass her citizenship to him, pursuant to 8 U.S.C. §1401(a)(7) (1952), and that he is therefore a United States citizen.

Mr. Galan also contends that before the prior order of deportation was reinstated, he should have been given an opportunity to contest

---

claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of title 28, United States Code.
(C) LIMITATION ON DETERMINATION. The petitioner may have such nationality claim decided only as provided in this paragraph.

7

alienage in removal proceedings under 8 U.S.C. § 1229a. Immigration Judges routinely adjourn such proceedings for INS to adjudicate an N-600 application when a respondent in removal proceedings claims to have acquired citizenship through a U.S. citizen parent or parents. INS also routinely adjudicates such applications when foreign-born criminal defendants, accused of violating 8 U.S.C. § 1326, claim to have acquired U.S. citizenship. Mr. Galan's application of November 2, 2000 should have been adjudicated before the deportation order was reinstated, and if denied, he should have been placed in removal proceedings. His N-600 could still be adjudicated before the instant case is tried. This would conserve the limited resources of the Court, and of the parties.[4]

Mr. Galan further contends that he is not barred by 8 C.F.R. § 341.6 (2000) from seeking such a Certificate, (or from asserting his claim to U.S. citizenship), simply because an application filed on his behalf by his mother was denied in 1970. Since the initial application was filed by his mother, not by Mr. Galan, he urges that the N-600 was not "submitted by the same individual" within the meaning of that section. He also urges that to deny him the right to seek recognition of his U.S. citizenship because his mother, acting *pro se*, made a prior unsuccessful attempt to do so would violate Due Process. *See, inter alia*, 8 U.S.C. §1481(a) (relating to loss of U.S. citizenship); and *Afroyim v. Rusk*, 387 U.S. 253 (1967).

Mr. Galan acknowledges that, under old caselaw, the burden of proof

---

[4] It was the understanding of the undersigned that this was the reason that prior counsel for Defendant took the depositions of Mr. Galan's witnesses. After taking these depositions, she stated that the witnesses appeared to be credible. Counsel for Mr. Galan took this statement as a indication that the matter could, and would be settled, in his favor.

8

would rest on him. *See, De Vargas v. Brownell,* 251 F.2d 869 (5th Cir. 1958). Notably, however, this case was decided prior to the decision of the Supreme Court in *Woodby v. INS,* 385 U.S. 276 (1966). Shifting the burden to him would be unconstitutional, where he was improperly deprived of the opportunity to contest alienage before the prior deportation order was reinstated. Therefore, if the instant case goes forward without adjudication by INS of his N-600, (and without giving him the opportunity to contest alienage in removal proceedings before an Immigration Judge), the burden of proof to show, by clear, unequivocal, and convincing evidence, that he is an "alien" should rest on Defendant. *See, e.g., Stash, Inc. v. Palmgard International,* 937 F.Supp. 531,534,n.8 (D.Md. 1996) (disagreeing with this aspect of the case upon which INS relies, *Sanchez-Martinez v. INS,* 714 F.2d 72 (9th Cir. 1983).

Regardless of who bears what burden, however, Mr. Galan asserts that the evidence will show that he did acquire U.S. citizenship through his mother, and is a U.S. citizen.

### B. DEFENDANT'S CONTENTIONS

Defendant contends that Plaintiff bears the burden of proof, by a preponderance of evidence, of establishing that he has acquired United States citizenship pursuant to INA § 301(a)(7), 8 U.S.C. § 1401(a)(7) (1952). 8 C.F.R. § 341.1(c) (2002); *De Vargas v. Brownell,* 251 F.2d 869, 870-871 (5th Cir. 1958)(holding that burden of proof is on the claimant to prove by a preponderance of the evidence that he/she is a citizen); *Sanchez-Martinez v. INS*, 714 F.2d 72,74 (9th Cir. 1983), *cert. denied,* 466 U.S. 971 (1984) (holding that a petitioner in a declaratory judgment action in the district court to determine citizenship bore the burden of proving citizenship by a preponderance of the evidence; but on the

government when the proceedings are before the INS).

Defendant contends that Mr. Galan cannot meet his meet his burden of proving that, prior to his birth on December 22, 1955, his mother, Mrs. Galan, was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years. Defendant further contends that because Mrs. Galan cannot establish the requisite physical presence in the United States, Mr. Galan did not acquire United States citizenship pursuant to INA § 301(a)(7), 8 U.S.C. § 1401(a)(7)(1952).

## VI. ADMISSIONS OF FACT

### A. PLAINTIFF'S VERSION

Plaintiff would stipulate that the following facts are true, and that no proof would be required.

1. Plaintiff's mother, Celia Cleofas Gonzalez de Galan ("Mrs. Galan"), is a United States citizen. She was born March 25, 1929, in Falfurias, Texas, and has never lost her U.S. citizenship.

2. On August 12, 1969, Plaintiff's mother filed applications for Certificates of Citizenship on behalf of Mr. Galan and five siblings. Mrs. Galan was not represented by counsel at that time.

3. On or about October 15, 1969, Mrs. Galan was interviewed by an INS Officer with respect to these applications. With the exception of her "union card," showing that in 1947 she retired her union membership in Laundry Worker's International, she did not present any witnesses, or corroborating evidence. Part of her testimony was recorded, but that recording has either been lost or destroyed.

4. The application filed on behalf of Mr. Galan was denied on

March 30, 1970, based on the conclusion of INS that Mrs. Galan had not met her burden of proof as to the time that she was physically present in the U.S. prior to his birth. The denial was accompanied by a document captioned "Examiner's Supplemental Report of Findings of Fact and Conclusions of Law," but does not include the initial report. It is also unsigned. Mrs. Galan did not appeal the denial of the application she filed on behalf of her son, the Plaintiff. Instead, she obtained an immigrant visa on his behalf.

5. On October 26, 1970, Mr. Galan entered the U.S. as a lawful permanent resident. He was deported on April 10, 1990. [5]

6. On November 2, 2000, through counsel, Mr. Galan filed an N-600 in his own name and right. He attached thereto a number of forms of corroborating evidence of his mother's physical presence in the U.S. prior to his birth which had not been presented by his mother when she applied on his behalf. A Notice of Appearance of Counsel, (G-28), was filed simultaneously. Although 8 C.F.R. § 292.5 required that all pleadings be served on counsel, the application was "rejected," and returned to Mr. Galan, in care of his mother. Counsel was not even served with a copy of the rejection notice. The application has therefore never been adjudicated by INS.

7. Neither Mr. Galan nor his attorney was afforded an opportunity to contest the propriety of reinstating his prior order of deportation, prior to his physical removal from the United States.

B. **DEFENDANT'S VERSION**

1. Plaintiff's mother, Mrs. Galan was born on March 25, 1929 in Falfurrias, Texas, and is a citizen of the United States.

---

[5] Mr. Galan considers that the specifics of his criminal history, as set forth in Defendant's version of his "immigration history," are not pertinent. They have no bearing on his claim to U.S. citizenship, or any of the other issues involved herein.

Plaintiff's father was a native and citizen of Mexico at the time of Mr. Galan's birth on December 22, 1955.

2. Plaintiff was born in Mexico on December 22, 1955, and entered the United States at Hidalgo, Texas on October 26, 1970, as a lawful permanent resident.

3. On August 12, 1969, Plaintiff's mother, Mrs. Galan, filed an Application For Certificate of Citizenship, INS Form N-600, on behalf of Plaintiff.

4. On March 30, 1970, the INS denied the application based upon Mrs. Galan's failure to establish the requisite ten years of physical presence in the United States in order for Mr. Galan to have acquired United States citizenship.

5. There was no appeal of the March 30, 1970 decision of the INS.

6. On November 2, 2000, Plaintiff filed an Application For Certificate of Citizenship, INS Form N-600.

7. On January 5, 2001, pursuant to 8 C.F.R. § 341.6 (2000), the INS rejected the Plaintiff's N-600, because there had been no appeal of the March 30, 1970 INS denial of the original application, and there was no timely filed motion to reopen or reconsider the denial. Additionally, the INS determined that Plaintiff had failed to present any evidence justifying reopening or reconsidering the previously denied application.

## VII. CONTESTED ISSUES OF FACT

Defendant contests that Plaintiff's mother, Mrs. Galan, prior to Plaintiff's birth on December 12, 1955, was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when

she attained the age of fourteen years.

## VIII.  AGREED PROPOSITIONS OF LAW

The parties agree that, pursuant to INA § 301(a)(7), 8 U.S.C. § 1401(a)(7) (1952), Plaintiff can avail himself of acquired citizenship if: 1) Plaintiff's mother, Mrs. Galan, is a United States citizen, and 2) prior to his birth on December 12, 1955, his mother was physically present in the United States for a period or periods totaling not less than ten years, at least five of which were after March 25, 1943, when she attained the age of fourteen years.

## IX.  CONTESTED PROPOSITIONS OF LAW

### A.  PLAINTIFF'S VERSION

1. Plaintiff contends that questions involving acquired U.S. citizenship depend on the legal context in which they are raised.

2. In removal or deportation proceedings, including reinstatement proceedings, alienage is a jurisdictional prerequisite. In such proceedings, the burden is on INS to prove, by clear, unequivocal, and convincing evidence, that Mr. Galan is not a U.S. citizen. *See, Woodby v. INS, supra*; 8 U.S.C. § 1229a(c)(3); 8 C.F.R. §240.8. [6]

---

[6] The burden of proof was reformulated by the 1996 amendments to the Immigration and Nationality Act as "clear and convincing" evidence. *See,* 8 U.S.C. § 1229a(c)(3), and 8 C.F.R. § 240.8, which provides, in relevant part, as follows:

> § 240.8  Burdens of proof in removal proceedings.
> (a)--Deportable aliens.
> A respondent charged with deportability shall be found to be removable if the Service proves by clear and convincing evidence that the respondent is deportable as charged.
> ...
> (c)--Aliens present in the United States without being

Therefore, Plaintiff contends that, before the prior deportation order was reinstated, he was entitled to a meaningful opportunity to contest INS' allegation that he is not a United States citizen.

3. In proceedings to obtain a certificate of citizenship, the burden is on the applicant, to demonstrate that he is a U.S. citizen by a preponderance of the evidence. And in criminal proceedings, for example, under 8 U.S.C. § 1326, the burden is on the government to demonstrate, beyond a reasonable doubt, that the defendant is not a United States citizen.

4. These varying, and shifting, burdens, create legal anomalies. Occasionally, an Immigration Judge will conclude that INS has not met its burden of proving alienage in a case where INS denied an application for a Certificate of Citizenship. More commonly, a person ordered deported by an Immigration Judge is prosecuted upon re-entry, under 8 U.S.C. § 1326, and the charges are dropped, after INS favorably adjudicates an N-600.[7] It also occurs, less often, that although INS denies the N-600, the person is acquitted by a jury, because the government failed to meet its burden of proof.

5. Mr. Galan contends that, since he was deprived of his right to contest the issue of his U.S. citizenship prior to reinstatement of the deportation order, and removal from the U.S., he should be

---

      admitted or paroled.
      In the case of a respondent charged as being in the United States without being admitted or paroled, the Service must first establish the alienage of the respondent. ...

It is unclear, however, whether there is a meaningful distinction between the two standards, and if so, whether the change is constitutional under *Woodby v. INS, supra.*

   [7] It is for this reason that the practice in this district has always been for INS to adjudicate an N-600 before the government goes forward with a §1326 prosecution in such cases.

14

"made whole" by requiring Defendant to assume the burden of proving alienage. He also contends that it is Defendant's burden to show alienage by clear, unequivocal, and convincing evidence.

6. Without waiving other, purely evidentiary objections, which will be filed later, Mr. Galan also contends that the parties are bound by the "Joint Case Management Plan," signed by the undersigned, and Heather Phillips, the predecessor of current counsel for Defendant, and that the documents to be submitted as evidence are limited to those specified therein, to wit, those which were attached to Mr. Galan's Petition for Review to the Fifth Circuit. Therefore, Mr. Galan contends that the only exhibits on Defendant's Exhibit List which should be admitted are their proposed Exhibits 5 and 6, the November 2, 2000 Application for Certificate of Citizenship filed by Mr. Galan, and the "rejection" letter, dated January 5, 2001.

### B. DEFENDANT'S VERSION

Pursuant to the controlling regulation at 8 C.F.R. § 341.1(c) (2002), Mr. Galan bears the burden of proof, by a preponderance of evidence, of establishing that he has acquired United States citizenship pursuant to INA § 301(a)(7), 8 U.S.C. § 1401(a)(7) (1952). *See De Vargas v. Brownell*, 251 F.2d 869, 870-871 (5th Cir. 1958)(holding that burden of proof is on the claimant to prove by a preponderance of the evidence that he/she is a citizen); *Sanchez-Martinez v. INS*, 714 F.2d 72, 74 (9th Cir. 1983) (holding that a petitioner in a declaratory judgment action in the district court to determine citizenship bore the burden of proving citizenship by a preponderance of the evidence.)

## X. EXHIBITS

### A. PLAINTIFF'S POSITION

Plaintiff considers that the only documents which should be considered are those listed in the "Joint Case Management Plan," to wit, the attachments to the Petition for Review, including the November 2, 2000 application for a Certificate of Citizenship, and supporting documents, filed by Mr. Galan. In addition, Mr. Galan will raise other, purely evidentiary objections to Defendant's recently discovered exhibits, including the fact that these documents are, on their face, incomplete, and the alleged transcript of Mrs. Galan's testimony is inherently untrustworthy, as it is not signed either by her or by the purported interpreter, and is being offered without the tape which it purports to transcribe.

### B. DEFENDANT'S POSITION

Defendant's position is that Defendant is entitled to present all the documents listed in Defendant's Exhibit List, including: 1) Mr. Galan's August 12, 1969, Application For Certificate of Citizenship, INS Form N-600, and 2) the transcript of the October 15, 1969 hearing, at which Plaintiff's mother testified as to her physical presence in the United States. The transcript is arguably the most probative evidence in Mr. Galan's nationality claim as it recorded Mrs. Galan's memory in October 1969, which is some 33 years fresher than her memory will be at the time of trial. Both documents were only discovered by the Defendant <u>after</u> the parties' submission of the Joint Case Management Plan, and were promptly provided to Plaintiff's counsel upon discovery.[8] There is nothing in Fed. Civ. P. Rule 26(f), or the Court's local rules to support Plaintiff's position that the trial exhibits are exclusively

---

[8] Plaintiff was fully aware that the INS had temporarily misplaced Mr. Galan's alien registration file (A30 379 730) and was attempting to locate it, and that said file probably contained his 1969 N-600 and the INS decision on that application. Once Mr. Galan's file was located, that, in turn, led to his brother's file (A19 141 854), where the original transcript of the October 15, 1969 hearing was lodged.

limited to those contained in the Joint Case Management Plan submitted by the parties.

### XI. WITNESSES

Plaintiff intends to call Saul and Cleofas Galan, Plaintiff's parents; Romualdo Lozano; and Reyes Montemayor, all of whom have been deposed by Defendant.[9] Defendant will present no witnesses.

### XII. SETTLEMENT EFFORTS

The parties have exhausted all settlement efforts, and have not agreed to a settlement. The case cannot reasonably be expected to settle, and will have to be tried.

### XIII. TRIAL

The parties believe that the trial will take from one to two full days.

---

[9] Contrary to Plaintiff's assertions, Defendant's sole purpose in deposing Plaintiff's witnesses was to defend the instant litigation.

17

XIV. ATTACHMENTS

Prior to the filing of this Joint Pretrial Order, the parties have filed their respective:

A. Proposed findings of fact and conclusions of law
B. Exhibit list

_____   Date: _____

**HILDA G. TAGLE**
**United States District Judge**

Approved:

_____   October 28, 2002
Lisa S. Brodyaga, Attorney in charge for Plaintiff
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (facsimile)

_____   October 28, 2002
Barry J. Pettinato, Attorney in charge for Defendant
Office of Immigration Litigation
United States Department of Justice, Civil Division
P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044
(202) 353-7742
(202) 616-4975 (facsimile)

18