United States District Court
Southern District of Texas
FILED

MAR 29 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENRIQUE GALAN, )
)
v. ) No. CA B-01-209
)
JOHN ASHCROFT, UNITED STATES )
ATTORNEY GENERAL. )
_____)

### PLAINTIFF'S SECOND SUBMISSION OF PROPOSED ORDER

Plaintiff Enrique Galan, (hereinafter "Mr. Galan"), through counsel, hereby re-submits his proposed Order, (first submitted on or about April 18, 2003), for consideration by the Court.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Federal ID: 1178
Texas Bar 03052800

### CERTIFICATE OF SERVICE

I certify that copies of the foregoing and proposed Order, were mailed, first-class postage prepaid, to Barry Pettinato, Attorney, Box 878, Ben Franklin Sta., Wash., D.C. 20004, on March 24, 2004.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENRIQUE GALAN,                )
                              )
v.                            )   No. CA B-01-209
                              )
JOHN ASHCROFT, UNITED STATES  )
    ATTORNEY GENERAL.         )
_____)

**MEMORANDUM AND ORDER**

Following trial, conducted on November 20 and 21, 2002, the Court hereby finds that the Petitioner, Enrique Galan, is a citizen of the United States, and enters the following Memorandum and Order:

### I.   JURISDICTION AND NATURE OF THE PROCEEDINGS

Before the Court is Mr. Galan's Petition for Review, as remanded by the Fifth Circuit, in accordance with 8 U.S.C. §1252(b)(5), for a *de novo* determination of his claim to have acquired United States citizenship at birth through his U.S. citizen mother, pursuant to 8 U.S.C. §1401(a)(7) (1952) [1] as in effect when he was born. Specifically, Petitioner must demonstrate the following: 1) that his mother was, at the time of his birth on December 22, 1955, a U.S. citizen, and 2) that she had previously been physically present in the United States for ten years or more, of which at least five years were after she attained the age of fourteen years.

### II.   LEGAL STANDARDS TO BE APPLIED

The Court has concluded that Mr. Galan must prove both elements by a preponderance of the evidence.

### III.   THE PROCEDURAL HISTORY

The following facts and procedural history are not subject to

---

[1] Re-designated as §1401(g) in 1978.

dispute. Petitioner Enrique Galan was born December 22, 1955, in Estacion Ramirez, Tamaulipas, Mexico. His mother, Celia Cleofas Gonzalez de Galan ("Mrs. Galan"), was born March 25, 1919, in Falfurias, Texas. His father, Saul Galan, is a lawful permanent resident. On August 12, 1969, Mrs. Galan filed an application for Certificate of Citizenship (Form N-600), on Petitioner's behalf. It was denied on or about March 30, 1970. Mr. Galan immigrated in 1970, but was deported in 1990, and returned almost immediately.

On November 2, 2000, through counsel, Mr. Galan filed an N-600 in his own name and right. A Notice of Appearance of Counsel, (G-28), was filed simultaneously. Although 8 C.F.R. §292.5 required that all pleadings be served on counsel, the application was "rejected," and returned to Mr. Galan, in care of his mother. [2]

In early May, 2001, counsel attempted, unsuccessfully, to obtain a hearing for Mr. Galan before an Immigration Judge, with respect to his claim to U.S. citizenship. On or about May 18, 2001, Mr. Galan was presented with a "Notice of Intent/Decision to Reinstate Prior Order," pursuant to 8 U.S.C. §1231(a)(5). It advised him of his right to make a statement contesting reinstatement. The box marked "do not" wish to make a statement contesting this determination was checked, but the signature line contained the notation "Inmate Refused to Sign." Nonetheless, Mr. Galan was bused to El Paso, and

---

[2] INS interpreted the regulations as precluding Mr. Galan from seeking a Certificate, since an application filed by his mother was denied more than ninety days previously. Mr. Galan urged that this is incorrect, as the initial N-600, filed by his mother, was not "submitted by the same individual" within the meaning of 8 C.F.R. §341.6. He further argued that to deny him the right to seek recognition of his U.S. citizenship because his mother, acting *pro se*, had made a prior unsuccessful attempt to do so would violate Due Process. The Court concludes that, having been found to be a U.S. citizen, Mr. Galan is entitled to evidence of his citizenship, in the form of a Certificate of Citizenship.

2

on May 21, 2001, at 10:20 p.m., he was deported to Mexico.

A timely Petition for Review was filed with the Fifth Circuit. It urged that Mr. Galan's refusal to sign the renunciation of his right to contest reinstatement, together with the correspondence sent by counsel, advising INS that he had filed an N-600 and wished to pursue his claim to U.S. citizenship before an Immigration Judge, should have been construed as constituting the written statement he was entitled to make contesting reinstatement. Mr. Galan further urged that because INS had actual notice that he was represented by counsel, under 8 C.F.R. §292.5, the "Notice of Intent" should have been served on his attorney of record, rather than on him directly.

On October 19, 2001, Mr. Galan filed a motion to transfer the case to the U.S. District Court, pursuant to 8 U.S.C. §1252(b)(5), for a de novo determination of his claim that he is a U.S. citizen. By pleading dated November 1, 2001, Respondent concurred that the case should be transferred. Said motion was granted.

## IV. PROCEEDINGS BEFORE THIS COURT

That Mr. Galan's mother, Celia Galan, was, at the time of his birth, a United States citizen, was not contested. At trial, conducted November 20, 2002 and November 21, 2002, Mr. Galan presented several witnesses and documents to demonstrate that, prior to his birth, she had been physically present in the United States for ten years or more, of which at least five years were after she attained the age of fourteen years.

Chief among these witnesses was Mrs. Galan herself. She testified to facts showing that she had, indeed, spent more than ten years in the United States prior to the birth of her son, Enrique, and that

five of these years were after she reached the age of fourteen years. Her testimony was corroborated in various aspects both by the documentary evidence, and the testimony of the other witnesses. Although all of the witnesses who testified had been deposed by the Government prior to trial, there was no evidence presented to impeach the testimony of any of them. In fact, when questioned as to why the initial application for a Certificate of Citizenship had been denied, the Government was unable to provide any specifics, and stated only that the Examiner might have found some of the details of Mrs. Galan's upbringing to be inherently implausible, in particular, the testimony that, as a young girl, she was sent by her mother, who was at that time residing in Mexico, to live with a childless aunt and her husband in San Antonio, Texas, and that she remained with them for several years.

## V. FINDINGS OF FACT

Having heard the testimony of the witnesses, and having had the opportunity to observe their demeanor, the Court finds that Mrs. Galan testified credibly in all material aspects. Her testimony was detailed, internally consistent, plausible, consistent with the other evidence presented, and corroborated with as much testimonial and documentary evidence as could reasonably be expected, given that the events in question were remote in time.

The Court also finds that the remaining witnesses attempted in good faith to testify in a credible manner, and that any internal inconsistencies in their testimony, or conflicts between their recollections and those of other witnesses, are of the nature which can be expected, given the age of the witnesses, and the facts that the events in question occurred some fifty years ago.

Therefore, the Court specifically finds that Mr. Galan has

demonstrated, by a preponderance of the evidence, that at the time of his birth, his mother, Cleofas Galan, was a United States citizen, and that she had been physically present in the U.S., prior to his birth, for a total of at least ten years, more than five of which were after she attained the age of fourteen years.

## VII.   CONCLUSIONS OF LAW

The Court therefore concludes that the Petitioner, Enrique Galan, acquired United States citizenship at birth through his U.S. citizen mother, pursuant to 8 U.S.C. §1401(a)(7) (1952) as in effect when he was born.  There being no evidence that he has in any manner lost his U.S. citizenship, the Court therefore concludes that he continues to be a citizen of the United States.

## VIII.   ORDER

Wherefore, it is hereby Ordered that:

1) The reinstated Order of deportation which is the subject of the instant proceedings be, and the same hereby is, VACATED;
2) That Respondents issue a Certificate of Citizenship to the Petitioner, as requested in his fee-paid application, Form N-600, filed November 2, 2000, and
3) That he be admitted to the United States as a United States citizen.

DONE this _____ day of _____, 2003

at Brownsville, Texas.

_____
HON. HILDA G. TAGLE
Judge Presiding